UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
WICHITA COURTHOUSE

| | |
|---|---|
| KRYSTAL BEGGS, | ) |
|    Plaintiff, | ) ) ) |
| v. | )   No. 09-CV-1345 MLB/DWB |
| ROUTHMEIR STERLING, INC., | ) ) ) |
|    Defendant. | ) |

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, KRYSTAL BEGGS ("Plaintiff"), through her attorneys, KROHN & MOSS, LTD., and alleges the following against Defendant, ROUTHMEIR STERLING, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* ("FDCPA").

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Kansas, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

6. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

7. Plaintiff is a natural person residing in Ensign, Gray County, Kansas.

8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

10. Defendant is a corporation located in Cedar Rapids, Linn County, Iowa.

11. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

12. Defendant constantly and continuously places collection calls to Plaintiff on her home telephone seeking and demanding payment for an alleged debt.

13. Defendant contacted Plaintiff's brother, Steven Beggs, and his wife, Pat Beggs, more than once and communicated that there was a case number regarding Plaintiff.

14. Defendant contacted Plaintiff's son, Tyler Beggs, and his wife, Janice Beggs, and communicated that there was a case number regarding Plaintiff.

15. On two (2) occasions Defendant contacted Plaintiff's former employer, South Gray Schools, and communicated information regarding Plaintiff with Plaintiff's former co-workers, Genie Salmans and Carol Overstreet.

16. Defendant left messages for Plaintiff failing to identify itself as a debt collector.

17. Defendant informed Plaintiff that there was a Gray County Case number involving her.

18. Plaintiff confirmed that there was no such case.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692b* of the FDCPA by communicating with third parties for a purpose other than obtaining location information of Plaintiff.

   b. Defendant violated *§1692b(3)* of the FDCPA by communicating with third parties more than once.

   c. Defendant violated *§1692c(b)* of the FDCPA by communicating with third parties in connection with the collection of a debt.

   d. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff.

   e. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

   f. Defendant violated *§1692e* of the FDCPA by making false, deceptive, and misleading representations in connection with debt collection.

   g. Defendant violated *§1692e(2)* of the FDCPA by misrepresenting the legal status of the alleged debt.

   h. Defendant violated *§1692e(10)* of the FDCPA by using false representations and deceptive means in an attempt to collect a debt.

WHEREFORE, Plaintiff, KRYSTAL BEGGS, respectfully requests judgment be entered against Defendant, ROUTHMEIR STERLING, INC., for the following:

20. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

21. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

22. Actual damages,

23. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

24. Any other relief that this Honorable Court deems appropriate.

**Plaintiff designates Wichita as place for trial.**

RESPECTFULLY SUBMITTED,

By: _____/s/ Patrick Cuezze_____
Patrick Cuezze
Attorneys for Plaintiff
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, KRYSTAL BEGGS, demands a jury trial in this case.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF KANSAS

Plaintiff, KRYSTAL BEGGS, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, KRYSTAL BEGGS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_11-2-09_
Date

_/s/ Krystal Beggs_
KRYSTAL BEGGS

PLAINTIFF'S VERIFIED COMPLAINT